TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00170-CR







Eugene Arthur Blaylock, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT


NO. 44,530, HONORABLE JOE CARROLL, JUDGE PRESIDING







PER CURIAM


 Appellant waived trial by jury and pleaded no contest to an indictment accusing him
of indecency with a child. Act of May 29, 1987, 70th Leg., R.S., ch. 1028, § 1, 1987 Tex. Gen.
Laws 3474 (Tex. Penal Code Ann. § 21.11, since amended). After hearing evidence, the court
found appellant guilty and assessed punishment at imprisonment for three years.

 Appellant first complains that the district court erred by admitting the reputation
testimony of two character witnesses called by the State. The first of these witnesses was Temple
police officer James Roper. Roper testified that he had known appellant since 1985 and answered
affirmatively when asked if he was "capable of forming an opinion concerning whether or not
[appellant] is a peaceful and law-abiding citizen." The prosecutor then asked the witness for
appellant's reputation in the community for being peaceful and law-abiding. Appellant objected
to this question, which was not answered, on the ground that the witness had not been shown to
be familiar with appellant's reputation. The objection was overruled. The prosecutor then asked
the witness, without further objection, for his opinion as to appellant's reputation for being
peaceful and law-abiding. The witness testified that his opinion was bad.

 The second witness was Charles Pierce, a Temple psychologist, who testified that
he had known appellant since 1986. Pierce was asked by the prosecutor if, "based upon either
conversations you have had with any other person or any discussions that you may have overheard
concerning [appellant], are you capable of forming an opinion today concerning [appellant's]
reputation in this community?" Appellant objected that the predicate for reputation testimony had
not been laid. The objection was overruled and Pierce stated that he had an opinion of appellant's
reputation. The prosecutor then asked without further objection if that reputation was good or
bad, to which Pierce answered that it was "not a good reputation."

 This point of error arises from the prosecutor's failure to appreciate the difference
between proving character by reputation and proving character by opinion, and the resulting
mishandling of the character witnesses. See Tex. R. Crim. Evid. 405(a) (proving character by
reputation or opinion). Having established that the witnesses had a long acquaintance with
appellant, the prosecutor properly could have asked each for his opinion of appellant's character. 
Instead, the prosecutor confusingly asked for the witnesses' opinions regarding appellant's
reputation. In response, each witness testified, in effect, that his opinion of appellant's reputation
was bad.

 Appellant contends that the witnesses were not qualified to give reputation
testimony. As we read the testimony, however, neither Roper nor Pierce expressly testified to
appellant's reputation. Appellant did not object to the form or substance of the questions asking
the witnesses for their opinions of appellant's reputation, and it is impossible to determine with
confidence whether the witnesses' answers reflected their opinions of appellant's character or their
knowledge of his reputation. Given this confusion, we think it likely that the testimony carried
little weight with the trial court. Further, to the extent the court understood the witnesses to be
testifying to appellant's reputation, the impact of the testimony was further diminished by effective
cross-examination that demonstrated that the witnesses had little or no basis for giving reputation
testimony. We are satisfied beyond a reasonable doubt that any error brought forward in this
point of error did not contribute to the punishment assessed. Tex. R. App. P. 81(b)(2). Point of
error one is overruled.

 Appellant next complains that the district court erroneously considered evidence
after sustaining an objection to its admission. This matter arose when the State called Michelle
May as a witness. Appellant objected that May should not be permitted to testify because she had
been present in the courtroom in violation of the witness rule. Tex. R. Crim. Evid. 613. The
prosecutor was permitted to question May for the limited purpose of showing that the State had
not learned that she possessed relevant information until after trial began. After an off-the-record
conference with counsel, the court sustained appellant's objection and ruled that May would not
be permitted to testify. The prosecutor then attempted to describe how May came to the attention
of the State "[f]or purposes of the record." Appellant's objection to this was sustained. When
the prosecutor persisted, the court cut him off by saying, "All right. I think that your point is
made, Mr. Garza," and "I don't think we need to go on anymore with this."

 Appellant argues that "[b]y acknowledging that the Prosecutor had made his point,
the Court also acknowledged that it would consider the evidence that the State was attempting to
introduce." The flaw in this argument is that May never testified to any matter relevant to this
cause and the prosecutor never attempted to inform the court of the substance of May's proposed
testimony. The court's remarks to the prosecutor merely reflected its understanding that the State
had not deliberately sought to circumvent the witness rule. Because there is nothing in the record
to indicate that the district court heard or considered any testimony from May that was prejudicial
to appellant, point of error two is overruled.

 In his third point of error, appellant contends the State denied him due process of
law by failing to disclose exculpatory evidence. Brady v. Maryland, 373 U.S. 83 (1963). The
evidence in question was the complainant's written statement to the police given two days after
the offense. In the statement, the complainant indicates that appellant entered his bedroom
between 10:00 and 11:00 p.m. on the night in question. Appellant urges that this is an
exculpatory fact because all the other record evidence indicates that appellant did not arrive at the
complainant's home until after midnight.

 The record does not support appellant's claim that the State failed to disclose the
complainant's statement. The statement was one of several witness statements attached to the
presentence investigation report considered by the court at the punishment hearing and which is
now contained in the transcript. Defense counsel did not complain at trial that they had been
denied access to the report. To the contrary, their questions to the witnesses and arguments to
the court displayed a familiarity with the contents of the presentence report. The alleged
nondisclosure of the witness statement also was not raised in appellant's motion for new trial. In
the absence of any showing that the alleged exculpatory information was not disclosed, no error
is presented. Point of error three is overruled.

 In his final point of error, appellant complains of the prosecutor's conduct during
final arguments to the court. First, when defense counsel mentioned that appellant did not
remember the details of the offense, the prosecutor objected that this argument was outside the
record and noted that appellant did not testify. The court responded to the objection by reminding
the prosecutor that there was ample evidence in the record to support defense counsel's argument. 
Second, the prosecutor, during his own argument, referred to defense testimony that appellant had
sought psychiatric help as "a bunch of baloney." Appellant asserts that the cumulative effect of
these and the errors previously asserted denied him a fair trial. 

 Appellant did not object to the prosecutor's reference to his failure to testify. 
Although appellant did object to the prosecutor's "baloney" remark, the objection was general and
did not preserve his contention on appeal that the argument was misleading. We again note that
this was a bench trial. The record does not indicate that the court's punishment decision was
influenced by the prosecutor's behavior during final arguments. We find that the prosecutor's
remarks, considered alone or in conjunction with the other matters discussed in the other points
of error, do not constitute reversible error in the context of this cause. Point of error four is
overruled.

 The judgment of conviction is affirmed.


Before Justices Powers, Aboussie and Kidd

Affirmed

Filed: December 20, 1995

Do Not Publish



ex. R. Crim. Evid. 613. The
prosecutor was permitted to question May for the limited purpose of showing that the State had
not learned that she possessed relevant information until after trial began. After an off-the-record
conference with counsel, the court sustained appellant's objection and ruled that May would not
be permitted to testify. The prosecutor then attempted to describe how May came to the attention
of the State "[f]or purposes of the record." Appellant's objection to this was sustained. When
the prosecutor persisted, the court cut him off by saying, "All right. I think that your point is
made, Mr. Garza," and "I don't think we need to go on anymore with this."

 Appellant argues that "[b]y acknowledging that the Prosecutor had made his point,
the Court also acknowledged that it would consider the evidence that the State was attempting to
introduce." The flaw in this argument is that May never testified to any matter relevant to this
cause and the prosecutor never attempted to inform the court of the substance of May's proposed
testimony. The court's remarks to the prosecutor merely reflected its understanding that the State
had not deliberately sought to circumvent the witness rule. Because there is nothing in the record
to indicate that the district court heard or considered any testimony from May that was prejudicial
to appellant, point of error two is overruled.

 In his third point of error, appellant contends the State denied him due process of
law by failing to disclose exculpatory evidence. Brady v. Maryland, 373 U.S. 83 (1963). The
evidence in question was the complainant's written statement to the police given two days after
the offense. In the statement, the complainant indicates that appellant entered his bedroom
between 10:00 and 11:00 p.m. on the night in question. Appellant urges that this is an
exculpatory fact because all the other record evidence indicates that appellant did not arrive at the
complainant's home until after midnight.

 The record does not support appellant's claim that the State failed to disclose the
complainant's statement. The statement was one of several witness statements attached to the
presentence investigation report considered by the court at the punishment hearing and which is
now contained in the transcript. Defense counsel did not complain at trial that they had been
denied access to the report. To the contrary, their questions to the witnesses and arguments to
the court displayed a familiarity with the contents of the presentence report. The alleged
nondisclosure of the witness statement also was not raised in appellant's motion for new trial. In
the absence of any showing that the alleged exculpatory information was not disclosed, no error
is presented. Point of error three is overruled.

 In his final point of error, appellant complains of the prosecutor's conduct during
final arguments to the court. First, when defense counsel mentioned that appellant did not
remember the details of the offense, the prosecutor objected that this argument was outside the
record and noted that appellant did not testify. The court responded to the objection by reminding
the prosecutor that there was ample evidence in the record to support defense counsel's argument. 
Second, the prosecutor, during his own argument, referred to defense testimony that appellant had
sought psychiatric help as "a bunch of baloney." Appellant asserts that the cumulative effect of
these and the errors previously asserted denied him a fair trial. 

 Appellant did not object to the prose